## Christensen *v.* Jules Junker, Inc., Appellant.

Argued October 1, 1935.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Emanuel Moss,* of *Moss & Moss,* for appellant.

*Harry Goodfriend,* with him *Charles S. Solit,* for appellee.

PER CURIAM, November 13, 1935:
We agree with the learned trial judge that this case was for the jury.

The jury could have found the following facts from the evidence:

Plaintiff was driving a coach automobile west on Vine Street, approaching Twenty-first Street. Both are one way streets. At the time of the collision hereafter referred to, Twenty-first Street was thirty-three feet wide between curbs; Vine Street east of Twenty-first Street was thirty-three feet wide between curbs, west of Twenty-first Street twenty-six feet wide. When plaintiff was a quarter of a block east of Twenty-first Street, looking across a vacant lot at the southeast corner of the intersection of the two streets, he saw defendant's truck at his left traveling north, three quarters of a block away. Plaintiff's car was the last of a line of four or five cars, the distance between him and the immediately preceding automobile being about a car's length. As he went into Twenty-first Street the line of cars slowed down—and his car with them—to twelve or fourteen miles an hour. He then looked and saw defendant's truck about eighty feet away. When the front of plaintiff's car was about the center of Twenty-first Street, defendant's truck was three or four car lengths away to his left. [Plaintiff's cross-examination, p. 34a]. Being of opinion that he had ample time to clear the intersection and having to observe the cars ahead as well as traffic coming from the left, he proceeded and had nearly cleared the intersection when the extreme left rear of his car was run into by defendant's truck.

The negligence of the defendant is apparent from his running into the plaintiff's automobile, which had the right of way, at its extreme left rear. The contributory negligence of the plaintiff was a question for the jury. It was not so clear that the court could determine it as matter of law. Any inconsistency in the plaintiff's testimony as respects his statement that he proceeded *straight ahead* across Twenty-first Street, in view of the

fact that Vine Street was seven feet narrower west of Twenty-first Street, was for the jury. The undisputed evidence in the case is that the plaintiff's car was hit in the cartway of the street intersection at the north-west corner,—close to the north curb line of Vine Street and the west curb line of Twenty-first Street—, and a slip caused by plaintiff's overlooking the shape of the intersection will not preclude, as matter of law, his right to recover.

The judgment is affirmed.